IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 14, 2002 Session

## ARFKEN & ASSOCIATES, P.A. v. SIMPSON BRIDGE COMPANY, INC, ET AL.

**Appeal from the Chancery Court for Bradley County**
**No. 94-400    Jerri S. Bryant, Judge**

**FILED MARCH 26, 2002**

**No. E2000-02780-COA-R3-CV**

D. Michael Swiney, J., dissenting

I respectfully dissent. I would hold that the Notice of Appeal was filed timely, and the appeal should be resolved on its merits. The issue as to the timeliness of the Notice of Appeal can be resolved by application of the relevant rules of the Tennessee Rules of Civil Procedure and the Tennessee Rules of Appellate Procedure.

I agree with the majority that the two final orders are identical except for the judge's signature and the handwritten date each was signed. There is no dispute that under Rule 59.05 of the Tennessee Rules of Civil Procedure, the Trial Court could, on its own initiative, alter or amend the final order. The Trial Court, if it wished, could have vacated its judgment or amended it in any manner it chose as long as it did so within the thirty days provided for by Rule 59.05. While not necessary to my position, I do note that while the body of the two orders are identical, the handwritten date of signing was altered by the Trial Court.

More importantly, Rule 58 of the Tennessee Rules of Civil Procedure provides that the order of October 11, 2000, became effective when that order bearing the signatures of the judge and counsel for all parties was "marked on the face by the clerk as filed for entry. . . ." I find nothing in the Rules of Civil Procedure or in Tennessee case law that makes the October 11, 2000, final order a nullity. Likewise, I find nothing in the Rules of Civil Procedure or Tennessee case law that somehow placed the parties and their attorneys on notice that this second final order was or might be a nullity.

The Trial Court signed and dated the second final order on October 2, 2000. It was filed for entry by the court clerk on October 11, 2000. I believe the parties and their attorneys had the right under Rules 58 and 59 of the Tennessee Rules of Civil Procedure to treat this order as the final order. The Notice of Appeal was filed within thirty days after the date of entry of this final order as required by Rule 4 of the Tennessee Rules of Appellate Procedure. Therefore, I respectively dissent from the majority's holding that the Notice of Appeal was not filed timely.

_____
D. MICHAEL SWINEY, JUDGE